JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT J. POZZUOLO, and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cary L. Flitter, Andrew M. Milz, Jody T. Lopez-Jacobs, Flitter Milz, P.C.
450 N. Narberth Avenue, Suite 101, Narberth, PA 19072 (610) 822-0782

## DEFENDANTS
PORTFOLIO RECOVERY ASSOCIATES, LLC

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1692g
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 4/27/18
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ROBERT J. POZZUOLO, and all others similarly situated<br>v.<br>PORTFOLIO RECOVERY ASSOCIATES, LLC | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 4/27/18 | _[signature]_ | ANDREW M. MILZ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 610-822-0782 | 610-667-0552 | amilz@consumerslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 10752 Jeanes Street, Philadelphia, PA 19116

Address of Defendant: 140 Corporate Boulevard, Norfolk, VA 23541

Place of Accident, Incident or Transaction: Philadelphia, PA 19116
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Andrew Milz, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 4/27/18     _____ Attorney-at-Law     207715 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/27/18     _____ Attorney-at-Law     207715 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. POZZUOLO, *and all others similarly situated*,<br>10752 Jeanes Street<br>Philadelphia, PA 19116,<br>      Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>P.O. Box 12914<br>140 Corporate Boulevard<br>Norfolk, VA 23541,<br>      Defendant. | CIVIL ACTION<br><br><br>NO.<br><br><br>CLASS ACTION |

**COMPLAINT**

**I. INTRODUCTION**

1. This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. The FDCPA mandates a Validation Rights Notice in the first written communication to a consumer, 15 U.S.C. § 1692g. This Notice serves as an important consumer disclosure and informal dispute mechanism.

3. The Notice alerts the consumer of his right to, *inter alia*, dispute his debt within thirty days after receipt of the notice. *See* 15 U.S.C. § 1692g(a)(3). Such a dispute requires the collector to cease collection until verified.

4. But only a *written* dispute is sufficient to trigger the debt collector's obligation to cease collection until it verifies the debt. *See* 15 U.S.C. § 1692g(b). Oral disputes, such as a dispute via telephone, are insufficient to trigger this statutory obligation of the debt collector. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

1

5. The Notice must be clearly conveyed and must not be overshadowed by other messages or content in the Notice.

6. Defendant debt collector sent a collection dun to Plaintiff and the class which overshadows the Validation Notice, in violation of the FDCPA.

## II.   JURISDICTION

7. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

8. *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district and Plaintiff is situated in and suffered harm in this district.

## III.   PARTIES

9. Plaintiff Robert Pozzuolo is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

10. Defendant Portfolio Recovery Associates, LLC ("PRA") is a nationwide debt collector with a principal place of business at the address captioned.

11. Defendant regularly engages in the collection of consumer debts using the mails and telephone or purchases consumer debt after default for the purposes of collection.

12. Defendant uses the instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

13. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

IV. **STATEMENT OF CLAIM**

14. On March 30, 2018, Defendant sent Plaintiff a communication in connection with a consumer debt allegedly due PRA and arising from an old Capital One Bank (USA), N.A. account. (*See* correspondence from PRA attached hereto as Exhibit "A," redacted).

15. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Notice containing information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5).

16. This Notice is an important statutory right which must be provided fully and clearly to a consumer.

17. The Notice must be sufficiently prominent to be noticed. It cannot be obscured, overshadowed, nor contradicted by other language or notices in the letter.

18. If a consumer disputes a debt, a debt collector such as PRA must cease collection until validating the debt per the consumer's request.

19. Only a *written* dispute triggers the collector's obligation to provide the consumer with verification of the debt.

20. A debt collector may not state or suggest that an oral dispute via telephone is sufficient. PRA's collection letter does just that.

21. In the letter, PRA placed the Validation Notice on the front in a box. However, below the Notice, it directs the consumer to the back of the letter by stating:

"NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION"
(Ex. "A").

22. Then, once on the reverse, PRA includes the following instruction with respect to disputes:

3

"**DISPUTES:** Call 1-800-772-1413 or write to "Portfolio Recovery Associates, LLC, Disputes Department..."

(Ex. "A").

23. This instruction to telephone an 800 number if there is a dispute is confusing and overshadows the validation notice stated on the front.

24. PRA's letter is deceptive because a least sophisticated debtor could reasonably believe that if he does not owe, has a question about, or is not responsible for, a debt, he can make such a dispute by phone. Indeed, the consumer is instructed to do just that.

25. The Notice in Defendant's March 30, 2018 collection notice is overshadowed and contradicted by other language or notices in the letter, in violation of the FDCPA. 15 U.S.C. §1692g.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on his own behalf and on behalf of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiff proposes to define the Class as follows:

   a. All persons with addresses within Philadelphia County, Pennsylvania;

   b. who were sent a two-sided initial collection letter from Defendant PRA;

   c. attempting to collect a consumer debt alleged due in connection with a Capital One Bank (USA), N.A. account;

   d. which stated "**DISPUTES:** Call 1-800-772-1413 (or other telephone number) or write to "Portfolio Recovery Associates, LLC, Disputes Department..."

   e. where the letter(s) bears a send date within one (1) year of the date of the filing of this complaint.

4

28. The Class is believed to be so numerous that joinder of all members is impractical. This Complaint concerns mass-produced form collection letters.

29. There are questions of law or fact common to the Class. These include:

   a. Whether Defendant' form letter violates the Fair Debt Collection Practices Act by failing to provide a clear and prominent Validation Notice as required by §1692g;

   b. Whether the Validation Notice in Defendant' initial communication is overshadowed by other notices and instructions in the letter, in violation of §1692g;

   c. Whether and what amount of statutory damages are recoverable for PRA's violation.

30. Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class Members were mailed the collection letter for an alleged Capital One Bank (USA), N.A. debt with instruction to telephone to dispute. All claims are based on the same factual and legal theories, and there are no individualized issues.

31. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the Class. Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

32. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class Members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

33. The Class may be certified under Fed. R. Civ. P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. § 1692k.

   b. The interest of Class Members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

   c. This class action covering consumers within the geographic boundaries of the Philadelphia County is likely to be easily manageable.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

35. Defendant violated the FDCPA by sending initial collection letters to Plaintiff and the Class which overshadows and contradicts the mandatory Validation Notice required by 15 U.S.C. § 1692g.

**WHEREFORE**, Plaintiff Robert J. Pozzuolo, on behalf of himself and all others similarly situated, requests that the Court certify this as a class action and demands judgment against Defendant Portfolio Recovery Associates, LLC for:

   (a) Damages;

   (b) Attorney's fees and costs; and

   (c) Such other and further relief as the Court shall deem just and proper.

V. **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 4/27/18

CARY L. FLITTER
ANDREW M. MILZ
JODY LOPEZ-JACOBS
**FLITTER MILZ, PC**
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782
*Attorneys for Plaintiff and the Class*

# EXHIBIT "A"

# Portfolio Recovery Associates, LLC

Seller: CAPITAL ONE BANK (USA) N.A.
Original Creditor: HSBC BANK NEVADA N.A.
Original Creditor Address: 26525 N. RIVERWOODS BLVD, SUITE 100, METTAWA IL 60045
Creditor to Whom Debt is Owed: PORTFOLIO RECOVERY ASSOCIATES, LLC
Account Number: 5▓▓▓▓▓▓▓▓▓▓1741
Current Balance: $423.09

March 30, 2018

ROBERT J POZZUOLO,

Welcome to PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account ▓▓▓▓▓▓▓▓1741 on 03/20/2018. All future payments for this account, including credit counseling service payments, should be directed to us.

> **Call toll-free at 1-800-772-1413 to discuss payment arrangements.**
> 8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun. (EST)
> Contact us at help@portfoliorecovery.com to communicate with us by e-mail.

## Various Payment Options Available Including:

| Pay by Phone: ☎ | Mail: ✉ | Online: 🖥 |
|---|---|---|
| • Authorize automatic withdrawals from your bank account<br>• Complete a debit card payment | • Complete the attached coupon<br>• Make all checks and payments to:<br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>P.O. Box 12914<br>Norfolk, VA 23541 | • Complete a payment from your checking account<br>• Pay us online at:<br>www.prapay.com |

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.**
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION                          001

---

DEPT 922    6651898818033
PO BOX 4115
CONCORD CA 94524

Account Number: ▓▓▓▓▓▓▓▓1741

Payment Amount: _____

ADDRESS SERVICE REQUESTED

ROBERT J POZZUOLO
10752 JEANES ST
PHILADELPHIA PA 19116-3316

001
PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541



**MAKE ALL CHECKS PAYABLE TO:** PORTFOLIO RECOVERY ASSOCIATES, LLC
**SEND ALL PAYMENTS TO:** PORTFOLIO RECOVERY ASSOCIATES, LLC, P.O. Box 12914, Norfolk, VA 23541

**COMPANY ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**DISPUTES:** Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
**DISPUTES E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

**QUALITY SERVICE AVAILABLE Mon. - Fri. 8 AM to 6 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at 1-800-772-1413 or by e-mail at PRACustomerCare@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** Office located at 4600 South Syracuse Street, Suite 966, Denver, CO 80237. Telephone 1-866-508-4751. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**MAINE:** Telephone number at licensed location is 1-800-772-1413. Hours of operation at licensed location are 8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun. (EST).

**MASSACHUSETTS:** Office located at 49 Winter St., Weymouth, MA 02188. Telephone 1-800-772-1413. Hours of operation are 9 AM to 6 PM Monday through Thursday (EST). NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 2045465, 2052875, 2061138, 2063671.

**NORTH CAROLINA:** Collection Agency Permit No. 4132.

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. (#00000770)