IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT J. POZZUOLO,** *and all others similarly situated*, | : <br> : Case No. 2:18-cv-01797-TJS <br> : |
| **Plaintiff,** | : <br> : |
| v. | : <br> : |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC** | : <br> : <br> : |
| **Defendant.** | : |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Portfolio Recovery Associates, LLC respectfully answers Plaintiff's Class Action Complaint as follows:

**I.   INTRODUCTION**

1. Admitted in part, denied in part. PRA admits that Plaintiff, on his behalf and on behalf of the class he seeks to represent, brings this case pursuant to the FDCPA. PRA denies violating the FDCPA.

2. Admitted in part, denied in part. PRA admits 15 U.S.C. § 1692g mandates certain information appear in certain communications with consumers but denies the balance of these allegations, including Plaintiff's characterization of § 1692g as serving as an "informal disputes mechanism."

3. PRA denies the allegations in Paragraph 3 to the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692g.

4. PRA denies the allegations in Paragraph 4 as inconsistent with the statutory language of 15 U.S.C. § 1692g.  By way of further response, PRA denies

1

that it does not fulfill its statutory obligations to consumers upon receipt of verbal disputes.

    5.    Admitted.

    6.    PRA denies the allegations in Paragraph 6 of Plaintiff's Complaint.

## II. JURISDICTION

    7.    PRA does not contest jurisdiction in this case at this time.

    8.    PRA does not contest jurisdiction or venue in this case at this time.

## III. PARTIES

    9.    Admitted upon information and belief.

    10.    Admitted in part, denied in part. PRA admits that, at times, it acts as a "debt collector" as defined by 15 U.S.C. § 1692a(6). PRA further admits that its principal place of business is at the address captioned in Plaintiff's Complaint. Because PRA lacks sufficient knowledge and information to form a belief as to whether Plaintiff's account is a "debt" as defined by the FDCPA, PRA denies it acted as a "debt collector" as defined by the FDCPA with respect to Plaintiff's account.

    11.    Admitted in part, denied in part. PRA admits that, at times, it uses the mails and telephone to collect consumer debts or purchase consumer debt after default. Because PRA lacks sufficient knowledge and information to form a belief as to whether Plaintiff's account is a "debt" as defined by the FDCPA, PRA denies it acted as a "debt collector" as defined by the FDCPA with respect to Plaintiff's account.

12.     Admitted in part, denied in part. PRA admits that, at times, it uses the instrumentalities of interstate commerce and the mails to collect debt. Because PRA lacks sufficient knowledge and information to form a belief as to whether Plaintiff's account is a "debt" as defined by the FDCPA, PRA denies it acted as a "debt collector" as defined by the FDCPA with respect to Plaintiff's account.

13.     Admitted in part, denied in part. PRA admits that, at times, it acts as a "debt collector" as defined by 15 U.S.C. § 1692a(6). Because PRA lacks sufficient knowledge and information to form a belief as to whether Plaintiff's account is a "debt" as defined by the FDCPA, PRA denies it acted as a "debt collector" as defined by the FDCPA with respect to Plaintiff's account.

## IV.     STATEMENT OF CLAIM

14.     Admitted in part, denied in part. PRA admits that it sent a letter to Plaintiff dated March 30, 2018, regarding a Capital One Bank (USA), N.A. account. PRA further admits that a copy of the March 30, 2018, letter is attached to Plaintiff's Complaint as Exhibit A. Because PRA lacks sufficient knowledge and information to form a belief as to whether Plaintiff's account is a "debt" as defined by the FDCPA, PRA denies the remaining allegations in Paragraph 14 of Plaintiff's Class Action Complaint.

15.     PRA denies the allegations in Paragraph 15 to the extent they are inconsistent with the statutory language of 15 U.S.C. § 1692g.

16.     PRA denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     PRA denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. PRA denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. PRA denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. PRA denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Admitted in part, denied in part. To the extent the allegations in Paragraph 21 of Plaintiff's Complaint are consistent with Exhibit A, they are admitted. To the extent they are inconsistent, they are denied.

22. Admitted in part, denied in part. To the extent the allegations in Paragraph 22 of Plaintiff Complaint are consistent with Exhibit A, they are admitted. To the extent they are inconsistent, they are denied.

23. PRA denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. PRA denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. PRA denies the allegations in Paragraph 25 of Plaintiff's Complaint.

## **CLASS ALLEGATIONS**

26. Admitted in part, denied in part. PRA admits Plaintiff brings this action as a class action. All remaining allegations are denied.

27. Admitted in part, denied in part. PRA admits that Plaintiff seeks to certify the class defined in Paragraph 27 of his Class Action Complaint. PRA denies certification is appropriate.

28. PRA denies the allegations in Paragraph 28 of Plaintiff's Class Action Complaint.

29. PRA denies the allegations in Paragraph 29 of Plaintiff's Class Action Complaint, including all subparts.

30. PRA denies the allegations in Paragraph 30 of Plaintiff's Class Action Complaint.

31. PRA denies the allegations in Paragraph 31 of Plaintiff's Class Action Complaint.

32. PRA denies the allegations in Paragraph 32 of Plaintiff's Class Action Complaint.

33. Admitted in part, denied in part. PRA admits that Plaintiff seeks to certify the class defined in his Complaint. PRA denies that class certification is appropriate.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

34. Paragraphs 1 through 34 of this Answer are incorporated as if fully set forth herein.

35. PRA denies the allegations in Paragraph 35 of Plaintiff's Class Action Complaint.

## V. DEMAND FOR JURY TRIAL

PRA admits that Plaintiff demands a jury trial.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for violation of the FDCPA for which relief might be granted because the letter at issue contains the notice required by 15 U.S.C. § 1692g.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for violations of the FDCPA for which relief might be granted because the statements contained in the letter at issue are true.

## THIRD AFFIRMATIVE DEFENSE

At all times material to Plaintiff's claim, PRA acted in good faith and without intent to injure or harm Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

In the event Plaintiff establishes a violation of the FDCPA, his individual entitlement to statutory damages is capped at $1,000.00 per action.

## FIFTH AFFIRMATIVE DEFENSE

An award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no actual damages and thus his recovery (to the extent he is entitled to such recovery which PRA denies) is limited to statutory damages only.

## SEVENTH AFFIRMATIVE DEFENSE

Class treatment is inferior to individual treatment in this case.

**EIGHTH AFFIRMATIVE DEFENSE**

Individual issues of law and/or fact predominate any common questions of law and/or fact, such that class treatment is inappropriate.

**NINTH AFFIRMATIVE DEFENSE**

The putative class, as defined, frustrates the purpose and intent of 15 U.S.C. § 1692k(a)(2)(B) which anticipates an absolute cap on statutory damages for any failure to comply with any provision of the FDCPA. Plaintiff should not be allowed to evade the statutory damages cap by certifying a county- or state-wide, rather than a nation-wide class.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to pursue his claims because he has failed to plead, and cannot establish, that he sustained an injury in fact. Merely alleging a violation of a statutory right is insufficient to meet the "injury in fact" requirement of Article III of the United State Constitution.

**ELEVENTH AFFIRMATIVE DEFESE**

The consent order entered in *In the Matter of: Portfolio Recovery Associates, LLC*, Administrative Proceeding File No. 2015-CFPB-0023 ("the Consent Order") does not distinguish between verbal and written disputes and requires PRA to take the same action regardless of whether a consumer disputes the accuracy or validity of a debt verbally or in writing. *See, e.g.,* the Consent Order at ¶¶ 116(a) and (d)(1), and ¶ 129(c)(ii)3. Thus, Plaintiff's theory of liability must fail as any effort to deprive the consumer of a means of disputing an account would

constitute a violation of the Consent Order's requirements that PRA respond to verbal and written disputes.

                                Respectfully submitted,

                                **BARRON & NEWBURGER, P.C.**

                          By:   */s/ Lauren M. Burnette*
                                  LAUREN M. BURNETTE, ESQUIRE
                                  PA I.D. No. 92412
                                  450-106 State Road 13 N., Suite 326
                                  St. Johns, FL 32259
                                  (904) 201-9120
                                  lburnette@bn-lawyers.com
                                  Counsel for Portfolio Recovery Associates, LLC

Dated:  May 25, 2018

## **CERTIFICATE OF SERVICE**

I certify that on May 25, 2018, I served a true and correct copy of the foregoing document on all counsel of record *via* CM/ECF.

**BARRON & NEWBURGER, P.C.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA I.D. No. 92412
450-106 State Road 13 N., Suite 326
St. Johns, FL 32259
(904) 201-9120
lburnette@bn-lawyers.com
Counsel for Portfolio Recovery Associates, LLC

Dated:  May 25, 2018