**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT J. POZZUOLO, *and all others similarly situated*,<br><br>                          Plaintiff,<br><br>      vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                    Defendant. | CIVIL ACTION<br><br><br><br><br><br>NO.  18-cv-01797(TJS)<br><br><br>CLASS ACTION |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION**

On April 9, 2019, this Court held that Plaintiff had not demonstrated sufficient injury-in-fact to confer standing, hence this Court lacks subject matter jurisdiction. (ECF 23).  The Court entered an accompanying Order dismissing Plaintiff's action with prejudice. (ECF 24).  Plaintiff believes the informational injury occurs *ex ante*, at the time of the communication, and does not turn—for injury in fact purposes—upon the consumer's reaction *vel non* to the communication. But he respects the Court's ruling and does not seek reconsideration of the Court's determination on Article III standing.

However, Plaintiff does request reconsideration of one technical point in the Order—the Court's dismissal of the action *with prejudice*.[1]  As recently stated by our Court of Appeals, when a district court finds no standing, "the case should be dismissed without prejudice because the district court lacked jurisdiction." *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 119 (3d Cir. 2019)

---

[1]      Upon correction of the instant Order to clarify that the jurisdictional dismissal is without prejudice, Plaintiff intends to transfer the matter to the Court of Common Pleas pursuant to the provisions of 42 Pa. C.S. § 5103(b) which provides in pertinent part, "where a matter is filed in any United States Court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States Court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court … of this Commonwealth by complying with the transfer provisions" set forth therein.

(*citing Cottrell v. Alcon Labs*, 874 F.3d 154, 164 n. 7 (3d Cir. 2017)).  Indeed, in *Kamal* the Court of Appeals affirmed the substantive ruling on standing but remanded to the District Court to change the dismissal to one without prejudice.

Plaintiff moves the Court to vacate or amend the April 9, 2019 Order (ECF 24) to reflect that the Court is dismissing the matter <u>without</u> prejudice for want of subject matter jurisdiction.

Respectfully submitted:


Date:  April 12, 2019                               /s/ Cary L. Flitter
                                                    CARY L. FLITTER
                                                    ANDREW M. MILZ
                                                    JODY T. LÓPEZ-JACOBS
                                                    **FLITTER MILZ, P.C.**
                                                    450 N. Narberth Avenue, Ste. 101
                                                    Narberth, PA 19072
                                                    (610) 822-0782

                                                    **Attorneys for Plaintiff and the Class**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT J. POZZUOLO, *and all others similarly situated*,<br><br>                              Plaintiff,<br><br>                    vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                              Defendant. | CIVIL ACTION<br><br><br><br>NO.  18-cv-01797(TJS)<br><br><br>CLASS ACTION |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing Motion for Reconsideration and proposed Order with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Said document is available for viewing and downloading from the ECF system.


Date:   4/12/2019                            */s/Cary L. Flitter*                    
                                                    CARY L. FLITTER
                                                    Attorney for Plaintiff and the Class